UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────────┐
│ USDC SDNY                              │  │
│ DOCUMENT                                  │
│ ELECTRONICALLY FILED                      │
│ DOC #:                                    │
│ DATE FILED:  September 23, 2024           │
└─────────────────────────────────────────┘
```

STEVEN LESANE,

                    Movant,

          v.                                          24-CV-6989 (KMW)
                                                      18-CR-527-5 (KMW)
UNITED STATES OF AMERICA,

                    Respondent.                       **ORDER TO AMEND**

KIMBA M. WOOD, United States District Judge:

     Movant Steven Lesane, currently incarcerated in FCI Elkton in Ohio, brings this *pro se*

application challenging the judgment entered in *United States v. Lesane*, No. 18-CR-527-5

(KMW) (S.D.N.Y. Aug. 17, 2021).  For the following reasons, the Court concludes that the

application should be redesignated as a motion under 28 U.S.C. § 2255 and grants Movant leave,

by December 23, 2024, to withdraw the application or to file an amended Section 2255 motion.


                              **STANDARD OF REVIEW**

     A prisoner in federal custody may bring a motion under 28 U.S.C. § 2255 attacking his

conviction or sentence on the grounds that it violates the Constitution or United States law, was

imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral

attack.  28 U.S.C. § 2255.  The Court has the authority to review and deny a Section 2255 motion

before directing an answer "[i]f it plainly appears from the motion, any attached exhibits, and the

record of prior proceedings that the moving party is not entitled to relief."  Rules Governing

Section 2255 Proceedings, Rule 4(b); *see Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000).

     The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them

"to raise the strongest arguments they *suggest*."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d

471, 474 (2d Cir. 2006) (per curiam) (emphasis in original); *see Green v. United States*, 260 F.3d

78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (citing *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Movant Steven Lesane challenges his August 17, 2021 judgment of conviction, in which he pleaded guilty to a violation of 18 U.S.C. § 1591(a) and (b)(2). *See United States v. Lesane*, No. 18-CR-527-5 (S.D.N.Y. Aug. 17, 2021), ECF No. 251. Movant appealed his conviction, and the Court of Appeals affirmed the district court's denial of his motion to withdraw his guilty plea and dismissed the appeal from the judgment of sentence. *United States v. Lesane*, No. 21-2057-CR, 2023 WL 1812878, at *3 (2d Cir. Feb. 8, 2023), *cert. denied*, 144 S. Ct. 228 (Oct. 2, 2023).

The Court received an undated application from Movant, with an envelope postmarked on August 19, 2024, which was entered onto the court's docket on September 13, 2024. *Lesane*, 18-CR-527-5, ECF No. 296. In the application, Movant states that he had sent a letter to the court in "late [J]uly" 2024, seeking an extension of time to file a Section 2255 motion.[1] He refers, among other things, to his having received ineffective assistance of counsel and states that "[a] DNA could have prevented [the harm to him from a victim impact statement] and proved the defendant['s] innocence, a false testimony of victim."[2] (ECF 1 at 1.)

---

[1] The Court has not located any record of a July 2024 letter from Movant having been received.
[2] The Court quotes from the application verbatim. All spelling, punctuation, and grammar are as in the original unless noted otherwise.

## DISCUSSION

### I.    Designation of Application as Motion Under 28 U.S.C. § 2255

Article III, Section 2 of the Constitution limits the jurisdiction of the federal courts "to the resolution of 'cases' and 'controversies.'"  *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012).  The Second Circuit has held that "a federal court lacks jurisdiction to consider the timeliness of a [habeas] petition until a petition is actually filed[,]" because prior to an actual filing, "there is no case or controversy to be heard[.]"  *Green*, 260 F.3d at 82; *United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000) (per curiam).

"Where a motion, nominally seeking an extension of time, contains allegations sufficient to support a claim . . . , a district court is empowered, and in some instances may be required, under *Haines* [*v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam)], to treat that motion as a substantive motion for relief."  *Green*, 260 F.3d at 82.  Here, Movant's untitled application could be construed as a motion for relief under Section 2255 because he seeks to vacate his sentence, and he includes some substantive grounds for relief.  *See Jiminian v. Nash*, 245 F.3d 144, 146–47 (2d Cir. 2001) (Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence").

### II.    Leave to Amend or Withdraw Application

Rule 2(b) of the Rules Governing Section 2255 Proceedings requires a motion to specify all of a movant's available grounds for relief, setting forth the facts supporting each of the specified grounds and stating the relief requested.  Rules Governing Section 2255 Proceedings, Rule 2(b)(1)–(3).  A Section 2255 motion must permit the court and the respondent to comprehend both the movant's grounds for relief and the underlying facts and legal theory

supporting each ground so that the issues presented in the motion may be adjudicated.[3]

Movant's application, when construed as a Section 2255 motion, is deficient because he does not

set forth the facts supporting the grounds for relief.

Moreover, because there are stringent limits on a movant's ability to bring a second or

successive motion under Section 2255, a movant must have an opportunity to withdraw an

application before the court recharacterizes it as a Section 2255 motion. *Adams v. United States*,

155 F.3d 582, 584 (2d Cir. 1998) (per curiam). Therefore, if Movant did not intend to pursue

relief under Section 2255, he may notify the Court in writing by December 23, 2024 that he

wishes to withdraw the application.

The Court concludes that Movant's application should be construed as a Section 2255

motion and that he should be afforded an opportunity to amend his Section 2255 motion to

include all of his grounds for relief and the facts supporting those grounds. The Court therefore

grants Movant leave to file an amended Section 2255 motion by December 23, 2024. If Movant

does not file an amended Section 2255 motion or otherwise notify the Court that he intends to

proceed with this application as a Section 2255 motion, the application will be deemed

withdrawn.[4]

---

[3] Rule 2(c) requires that the motion must substantially follow a standard form, such as the form provided by this Court.

[4] A federal prisoner seeking relief under Section 2255 generally must file a motion within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f). Here, it appears that Movant's judgment became final on October 2, 2023, when the U.S. Supreme Court denied his petition for a writ of certiorari. *Lesane*, 144 S. Ct. 228 (Oct. 2, 2023).

**CONCLUSION**

Movant is notified that the Court is inclined to treat his application as a motion under 28 U.S.C. § 2255 and grants him leave to file an amended Section 2255 motion by December 23, 2024. If Movant chooses to file an amended motion, it must be submitted to this Court's Pro Se Office by December 23, 2024, be captioned as an "Amended Motion," and bear the same docket number as this order, 24-CV-6989 (KMW). An Amended Motion Under 28 U.S.C. § 2255 form is attached to this order. If Movant fails to respond to this order by December 23, 2024, and cannot show good cause to excuse such failure, the application will not be recharacterized as a Section 2255 motion and will be deemed withdrawn.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Because Movant has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court understands that Movant may have recently been transferred. The Clerk of Court is respectfully directed to mail a copy of this Order, along with a Notice of Change of Address Form, to Movant at both FCI Elkton and FCI Hazelton.

SO ORDERED.

Dated: New York, New York
      September 23, 2024             _____*/s/ Kimba M. Wood*_____
                                              KIMBA M. WOOD
                              United States District Judge

# Motion to Vacate, Set Aside, or Correct a Sentence
# By a Person in Federal Custody

**(Motion Under 28 U.S.C. § 2255)**

### Instructions

1. To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2. You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6. If you cannot pay for the costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7. In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

8. When you have completed the form, send the original to the Clerk of the United States District Court at this address:

   Daniel Patrick Moynihan U.S. Courthouse
   500 Pearl Street
   New York, NY 10007

9. **<u>CAUTION:</u> You must include in this motion *all* the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.**

10. **<u>CAPITAL CASES:</u> If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

AMENDED   **MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| United States District Court | District |
|---|---|
| Name (under which you were convicted): | Docket or Case No.: |
| Place of Confinement: | Prisoner No.: |
| UNITED STATES OF AMERICA          Movant (include name under which you were convicted) | |
| v. | |

**MOTION**

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:


    (b) Criminal docket or case number (if you know):

2.  (a) Date of the judgment of conviction (if you know):

    (b) Date of sentencing:

3.  Length of sentence:

4.  Nature of crime (all counts):



5.  (a) What was your plea? (Check one)

    (1)   Not guilty ❑          (2)   Guilty ❑          (3)   Nolo contendere (no contest) ❑

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count
    or indictment, what did you plead guilty to and what did you plead not guilty to?



6.  If you went to trial, what kind of trial did you have? (Check one)     Jury ❑       Judge only ❑

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ❑    No ❑

8.  Did you appeal from the judgment of conviction?    Yes ❑    No ❑

9.  If you did appeal, answer the following:

    (a) Name of court:

    (b) Docket or case number (if you know):

    (c) Result:

    (d) Date of result (if you know):

    (e) Citation to the case (if you know):

    (f) Grounds raised:

    (g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ❑    No ❑

        If "Yes," answer the following:

        (1) Docket or case number (if you know):

        (2) Result:

        (3) Date of result (if you know):

        (4) Citation to the case (if you know):

        (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

    Yes ❑    No ❑

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court:

        (2) Docket or case number (if you know):

        (3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❏    No ❏

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❏    No ❏

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:    Yes ❏    No ❏

(2) Second petition:    Yes ❏    No ❏

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❏    No ❏

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❏   No ❏

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

   Yes ❑    No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

   Yes ❑    No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes ❑    No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:




**GROUND TWO**:

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑     No ❑

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑     No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑     No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑     No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑     No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

    Yes ❑    No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

    Yes ❑    No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑     No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑     No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑     No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR**:

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❏   No ❏

    (2) If you did not raise this issue in your direct appeal, explain why:


(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❏   No ❏

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❏   No ❏

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❏   No ❏

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❏   No ❏

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?        Yes ❏    No ❏
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
(a) At preliminary hearing:


(b) At arraignment and plea:


(c) At trial:


(d) At sentencing:

(e) On appeal:


(f) In any post-conviction proceeding:


(g) On appeal from any ruling against you in a post-conviction proceeding:


16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?      Yes ❑ No ❑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?      Yes ❑ No ❑

    (a)  If so, give name and location of court that imposed the other sentence you will serve in the future:


    (b) Give the date the other sentence was imposed:

    (c) Give the length of the other sentence:

    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?      Yes ❑  No ❑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you

    must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not

    bar your motion.*

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.
§ 2255, paragraph 6, provides in part that:

   A one-year period of limitation shall apply to a motion under this section. The limitation period
   shall run from the latest of —
       (1) the date on which the judgment of conviction became final;
       (2) the date on which the impediment to making a motion created by governmental action in
       violation of the Constitution or laws of the United States is removed, if the movant was
       prevented from making such a motion by such governmental action;
       (3) the date on which the right asserted was initially recognized by the Supreme Court, if
       that right has been newly recognized by the Supreme Court and made retroactively
       applicable to cases on collateral review; or
       (4) the date on which the facts supporting the claim or claims presented could have been
       discovered through the exercise of due diligence.

Page 14

Therefore, movant asks that the Court grant the following relief:


or any other relief to which movant may be entitled.


_____

Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on

_____ (month, date, year).


Executed (signed) on _____ (date).


_____

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.